STONE v. FITTS.

1. AN EXCEPTION, on the ground that it was error to receive certified copies of deeds in evidence, "because the plaintiff had not complied with the requirements of sections 2224 and 2225 of the General Statutes," would seem to be too general to require consideration.

2. EVIDENCE—COPY DEEDS.—Certified copies of recorded deeds are admissible in evidence, in proper cases, without proof of the execution of the original deeds.

3. RECITALS IN DEED—ESTOPPEL.—A party is estopped from denying the provisions of a will, as recited in a deed under which he acquired title.

4. A FINDING OF FACT by the Circuit Judge, from testimony heard by him, and sustained by the evidence, approved.

5. RECITAL IN DEEDS—EVIDENCE.—Where the deeds, under which defendant claims title, recited that the land was devised to S. for life, with remainder to her children in fee, further evidence was not required to enable the court to determine the nature and amount of the estate held by the children of S.

6. LIMITATION OF ACTIONS—PARTITION—OUSTER.—The statute of limitations is not a bar to an action by a tenant in common for partition, there being no proof or presumption of ouster.

7. GENERAL EXCEPTIONS not considered.

Before WITHERSPOON, J., Hampton, February, 1892.

Action by W. A. Stone against J. A. Pitts, commenced November 18, 1891. The Circuit decree was in favor of plaintiff, and defendant appealed on the following grounds:

1. Because his honor, Judge Witherspoon, erred in deciding that the plaintiff had complied with sections 2224 and 2225 in the introduction of the copy deeds offered in evidence.

2. Because his honor erred in deciding that the recitals in the copy deed were conclusive evidence of the provisions of the will of James A. Thames.

3. Because his honor erred in deciding, as matter of fact, that "W. A. Stone is one of the five children of Sarah E. Stone, referred to in the recitals of the copy of the deeds introduced," because the recitals in the deeds, nor the deeds themselves, decide any such fact. There may have been six, seven, or more children, so far as the evidence goes.

4. Because, there being no evidence of the provisions of the will excepting that derived from the copy deeds, and the recitals in the copy deeds having failed to show the estate which the devisees took under the will, it was impossible for the Circuit Judge to determine the nature and amount of the estate which each devisee and the claimant took, without further evidence.

5. Because his honor erred in deciding, as matter of law, that the plaintiff was entitled to partition of the land and to one-fifth thereof—there being no evidence whatever to sustain the finding.

6. Because his honor erred in deciding that the plaintiff is not barred by the statute of limitations.

7. Because his honor erred in admitting evidence of a part of a will, when the will had never been probated, as required by section 2223 of the General Statutes of this State.

8. Because his honor's decree is contrary to the law and to the evidence.

*Mr. E. F. Warren,* for appellant.

*Messrs. Bostick & Pritchard,* contra.

March 8, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action for partition of a certain tract of land, containing four hundred acres, more or less, known as the Rock Hill place, of which plaintiff claims to be entitled to the one undivided fifth part, the defendant being entitled to the remaining four-fifths. The defendant, in her answer, denies all the allegations of the complaint, sets up exclusive title in herself, and pleads the statute of limitations.

The plaintiff, under a notice to that effect, offered in evidence certified copies of certain deeds, which will be more particularly described, which were objected to, upon the ground that the execution of said deeds had not been properly proved. This objection was overruled, and the certified copies were received in evidence. These deeds were: 1st. A deed from S. E. Stone to Harriet J. Addison, dated 8th November, 1875, "conveying the life estate of the said Sarah E. Stone in a tract of 400 acres of land, more or less, in Beaufort, now Hampton, County, known as the Rock Hill place, being the tract of land devised to Sarah E. Stone for life, and, at her death, to her children in fee, by James A. Thames, in his will, dated January 24th, 1850." 2d. A deed from F. W. Johnson, as guardian of E. R. Johnson, to Harriet J. Addison, dated 25th December, 1875, "conveying, under the authority of the court, the undivided fifth interest of his wife, Emma R. Johnson, in the land described" in the foregoing deed. 3d. A deed from Gertrude C. Stone to Harriet J. Addison, dated 8th of November, 1875, conveying her undivided fifth interest in the same land. 4th. A deed from Mary E. Stone to Harriet J. Addison, dated

8th November, 1875, conveying her fifth interest in the same land.   5th.   A deed from Ellen Stone to Harriet J. Addison, dated 22d December, 1875, conveying her fifth interest in the same land.   6th.   A deed from Harriet J. Addison to the defendant, dated 25th December, 1875, conveying the said tract of land to her.

It appears from the testimony of Mr. Tillinghast, that he drew all of these papers, and witnessed the execution of two of them, and that Harriet J. Addison advanced the money for the defendant to buy up the undivided interest of Mrs. S. E. Stone and her children in the land which they claimed under the will of James A. Thames, and, as we infer, first took titles to herself as security for the money advanced, and afterwards conveyed the land to the defendant.   It appears, also, from the testimony, that James A. Thames left a will; that his widow was in possession of the Rock Hill place before the defendant went into possession; that Sarah E. Stone had an interest in the land of which said James A. Thames died seized and possessed; that Sarah E. Stone had five children, of whom the plaintiff is one, and that she died 31st January, 1880.   It further appears that the plaintiff left the State in 1866, before he attained his majority, and did not return until about a year before the trial of the case, and never heard of the death of his mother until March, 1891, and, as soon as he heard of his interest in the land, he employed counsel to bring this action, which was commenced in November, 1891.

. The case was heard by the court, by consent, and his honor, Judge Witherspoon, rendered judgment in favor of the plaintiff, ordering that a writ of partition do issue, as prayed for in the complaint.   From this judgment defendant appeals, upon the several grounds set out in the record.

The first ground imputes error to the Circuit Judge in receiving the certified copies of the deeds in evidence, because the plaintiff had not complied with the requirements of sections 2224 and 2225 of the General Statutes.   What requirements of those sections was not complied with is not stated, and, therefore, strictly speaking, this ground is too general to require further notice.   But, in addition to this,

counsel, by a typewritten statement attached to the "Case," agreed that this ground "does not relate to the sufficiency of the oath required by section 2224 of General Statutes, and it is agreed and admitted that the testimony of W. A. Stone, plaintiff, respondent, above named, as given at the trial of said cause, was full, and a complete compliance with the requirements of said section 2224, as preparatory to the introduction of certified copy deeds," and that so much of the printed argument of counsel for appellant as is based upon any alleged insufficiency in the required oath, should be withdrawn. So that the only point we need consider, under this ground, is the objection made when the certified copies were offered in evidence, that they could not be received until the execution of the original deeds had been properly proved. That this point is not well taken, may be seen by reference to the case of *Duren* v. *Sinclair*, 22 S. C., 361, where, in accordance with the former cases of *Darby* v. *Huffman*, 2 Rich., 532, based upon the preceding cases of *Dingle* v. *Bowman*, 1 McCord, 177, and *McLeod* v. *Rogers*, 2 Rich., 19, it was expressly held otherwise.

The second ground complains of error on the part of the Circuit Judge in holding that the recitals in the copy deeds were conclusive evidence of the provisions of the will of James A. Thames. The rule as to the effect of recitals is well stated by the late Chief Justice Simpson, in the case of *Ellen* v. *Ellen*, 18 S. C., at page 493, where he quotes, with approval, the following extract from Phillips on Evidence: "In regard to recitals, the general rule is that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest, if it be a deed of conveyance, and binding both parties and privies—privies in blood, privies in estate, and privies in law. Between such parties and privies, the deed or other matter recited needs not at any time to be otherwise proved, the recital of it in the subsequent deed being conclusive. It is not offered as secondary, but as primary, evidence which cannot be averred against, and which forms a muniment of title." Now, the recitals in the deed from Sarah E. Stone to Harriet J. Addison, conveying her life estate in

the land to said H. J. Addison, from whom the defendant acquired her title, show that this land was "devised to Sarah E. Stone for life, and at her death to her children in fee, by James A. Thames, in his will dated January 24th, 1850," and this defendant, under the rule above stated, is estopped from denying those facts.   This ground of appeal must, therefore, be overruled.

The third ground, imputing error in the decision of a question of fact, might well be answered by a simple reference to the general rule upon the subject.   But, in addition to this, there is direct testimony that Mrs. S. E. Stone had five children, of whom the plaintiff was one, and this, accompanied with the fact that the defendant acquired her title under deeds from each of the other four children, conveying in express terms each a *one-fifth* interest in said land, would certainly, in the absence of any testimony to the contrary, be abundantly sufficient to sustain the conclusion reached by the Circuit Judge.

The fourth ground of appeal is based upon a misapprehension of the terms of the recitals contained in the copy deeds, for it is there expressly stated that the lands were devised to Sarah E. Stone for life, and at her death to her children *in fee;* so that, instead of its being "impossible for the Circuit Judge to determine the nature and amount of the estate which each devisee and the claimant took, without further evidence," it was very easy to do so, as the recitals expressly stated that the children were entitled to an estate in fee, after the termination of the precedent life estate in their mother. .

The seventh ground is likewise based upon a misapprehension.   No part of the will of James A. Thames was either offered or received in evidence, and it was. not necessary that it should have been; for the devise was admitted by the estoppel arising from the recitals in the deeds under which the defendant acquired her title.   For, as is said in the rule quoted above, "the deed or *other matter* recited (here the devise) needs not at any time to be otherwise proved, the recitals of it in the subsequent deed being conclusive."

The sixth ground alleges error in overruling .the plea of the

statute of limitations. If, as was properly held, the plaintiff and defendant were tenants in common, then it is quite clear that, without proof of ouster, of which there was absolutely none whatever, the plea of the statute of limitations could not be sustained; and it is equally clear that an ouster could not be presumed from lapse of time, as the defendant went into possession in 1875, and the twenty years from which an ouster might be presumed has not yet expired. *McGee* v. *Hall*, 26 S. C., 179.

The fifth and eighth grounds of appeal are too general in their character to require further notice, and, indeed, have been disposed of by what has already been said.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.