7043

## SPARKMAN v. JONES.

1. REAL PROPERTY.—NONSUIT properly refused here because the proof was sufficient to carry to the jury the issue of possession for twenty years by successive grantees, and the record of the deed is presumptive evidence of its delivery.
2. ESTOPPEL.—A father who has actively participated in having his daughter to execute a deed the purport of which she did not understand, and receive the purchase money, is estopped from attacking the validity of her deed by claiming title to the land.
3. REAL PROPERTY—LANDLORD AND TENANT.—One in possession of land by permission of another has no title which he can assert against his landlord's grantee.

Before GAGE, J., Colleton, December, 1907.    Affirmed.

Action by E. H. Sparkman, trustee, against Robert L. Jones. From judgment for plaintiff, defendant appeals.

*Mr. C. C. Tracy,* for appellant, cites: *As to title by presumption of a grant:* 20 S. C., 210.    *Title cannot be shown by common repute:* 54 S. C., 412.    *But may be shown how?* 53 S. C., 220.    *Delivery of deed must be shown:* 9 S. C., 249; 19 S. C., 211; 23 S. C., 89; 44 S. C., 364; 74 S. C., 144.

*Messrs. Howell & Gruber* and *Nathans & Sinkler,* contra. *Messrs. Howell & Gruber* cite: *Allegation that plaintiff is the owner in fee simple is sufficient to maintain action for injunction:* 18 S. C., 551.    *Record of deed may be introduced on proof of loss of original:* 2 Rich., 22; 38 S. C., 397.    *Execution and record presumes delivery:* Rice Eq., 256; 19 S. C., 216; 10 Rich. Eq., 219; 52 S. C., 472.

November 16, 1908.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was brought on 29th
May, 1905, for the recovery of possession of a tract of land,
containing three hundred and six acres, more or less, for
damages for cutting and removing timber, and for injunc-
tion against further cutting or removing timber, or other
trespass.   An order was made by Judge Memminger, dated
30th May, 1905, enjoining the defendant from trespassing
on the land.   Thereafter the legal issue of title and the right
of possession was tried before Judge Gage, and a verdict
for the plaintiff rendered.   On the testimony offered on the
trial, and the verdict of the jury, Judge Gage made an order,
dated 10th December, 1905, permanently enjoining the de-
fendant from trespassing upon the land.   The exception
assigning error in the refusal of the Circuit Court to sustain
the demurrer to the complaint was abandoned.

The record contains this statement of the chain of title
introduced by the plaintiff:

"Counsel for plaintiff offered in evidence, under agree-
ment, the following original records of the office of the
Clerk of Court of Colleton county:

"Volume 6, page 202.   Conveyance by J. K. Terry,
sheriff, to Mary S. Jones. · Dated October 5, 1869.
Recorded February 9, 1888; conveying 165 acres.

"Volume 6, page 203.   Conveyance Mary S. Jones to E.
W. Peoples.   Dated February 4, 1886.   Recorded Febru-
ary 9, 1888; conveys 306 acres.   'Tract purchased for 165
acres from Sheriff Terry.'

"Volume 6, page 205.   Julia A. Jones to E. W. Peoples.
Dated February 4, 1888.   Recorded February 9, 1888;
conveys 306 acres.

"Volume 16, page 16.   E. W. Peoples to A. J. Salinas &
Sons.   Dated March 6, 1895.   Recorded April 5, 1895;
conveys 306 acres.

"Volume 17, page 263.   A. J. Salinas & Sons to E. H.
Sparkman, trustee.   Dated February 14, 1896.   Recorded
March 3, 1896; conveys 306 acres.   The above conveyances

are of the same tract of land, namely, that being the subject of this action."

The plaintiff did not trace title back to a grant from the State, nor did he prove a common source, but his reliance was on the presumption of a grant by successive possessions of the grantors, through whom he claimed, and himself, for an aggregate period of more than twenty years. There was no dispute that evidence was offered of possession by all the grantors from E. W. Peoples, whose deed was dated 4th February, 1886, down to the commencement of the action, 29th May, 1903; but as this did not make out the period of twenty years, it was necessary for plaintiff to prove possession in Mary S. Jones before the date of her deed to Peoples. The defendant moved for a nonsuit, on the ground that the plaintiff had failed to introduce any evidence tending to prove Mary S. Jones was ever in possession, and on the further ground that there was no proof of delivery of the deed on which plaintiff relied. The Circuit Court was not in error in refusing to grant a nonsuit.

On the question of Mary S. Jones' possession, E. W. Peoples testified: "Q. Was the Mary S. Jones who sold to you in possession of that tract of land prior to your purchase? A. That is the way I understood it; she owned the place, and, with her brother, was on it as her place; that is all I can say about it. Q. She owned it, and the defendant here was in possession of it as her tenant? A. That is the way I understood it."

This taken in connection with the further fact appearing in evidence, that when Peoples took his deed for the land from Mary S. Jones, the defendant, on his demand, immediately moved away, was some evidence that Mary S. Jones was in possession, and the defendant was on the land by her permission.

The delivery of the deeds to the clerk was *prima facie* evidence of their delivery to the grantees. *Dingle* v. *Bow-*

*man,* 1 McC., 117; *McLeod* v. *Rogers,* 2 Rich., 19; *Darby* v. *Huffman,* 2 Rich., 532; *Duren* v. *Sinclair,* 22 S. C., 361; *Stone* v. *Fitts,* 38 S. C., 397, 17 S. E., 136.

But, aside from all this, a verdict for the plaintiff was inevitable, when the whole testimony is considered. It was proved by the defendant that the land belonged to his father, J. R. Jones, and he testified he held the land under his father, and by his permission. The defendant offered, as a witness, Mary Jones, who testified the deed from Terry, sheriff, was never delivered to her; and, in explanation of her deed purporting to convey to Peoples, she said she signed at the direction of her father, and did not know what she signed. Accepting this evidence as true, when J. R. Jones, the father, actively participated in having Mary Jones to execute a deed to Peoples, for which he paid his money, J. R. Jones was estopped from alleging against the validity of the deed from her to Peoples. The defendant being by his own testimony an occupant of the land by permission of J. R. Jones, his father, his rights cannot rise higher than those of J. R. Jones and Mary Jones, and any title of J. R. Jones is equally unavailable to them as to him in a contest with the grantee of Mary Jones.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.